UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
UNITED STATES OF AMERICA
                                            :

    -against -                              :        05 Cr. 1182 (PAC)

                                            :        <u>OPINION AND ORDER</u>

TIMOTHY MCDARRAH  a/k/a
<u>Ps41alum@aol.com</u>,                    :

                    Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


        HONORABLE PAUL A. CROTTY, United States District Judge:

        On May 15, 2006, the grand jury filed a one-count Superseding Indictment

charging Defendant with:

        [U]sing a facility and means of interstate commerce, unlawfully,
        willfully and knowingly, did persuade, induce, entice and coerce an
        individual who had not attained the age of 18 years, to engage in
        sexual activity for which a person can be charged with a criminal
        offense, and attempted to do so, to wit, [Defendant] used a
        computer, a telephone and the internet to attempt to entice, induce,
        coerce, and persuade a minor to engage in sexual activity in
        violation of New York State Penal Law Sections 130.20(1) and (2),
        130.25(2), 130.30(1), 130.40(2), 130.45(1) and 130.60(2) . . . .

in violation of 18 U.S.C. § 2422(b).

        Defendant now moves for the following relief:  (1) dismissal of the indictment

because 18 U.S.C. § 2422(b) is unconstitutionally vague and overbroad, on its face and as

applied, in violation of Defendant's rights under the First and Fifth Amendments of the United

States Constitution; (2) dismissal of the indictment because it fails to allege an offense; (3) a bill

of particulars; (4) suppression of all evidence obtained from the search and seizure of

Defendant's AOL account because the warrant is vague, overbroad, and not based on probable cause in violation of Defendant's First and Fourth Amendment rights; (5) suppression of post-arrest statements allegedly obtained in violation of Defendant's Fifth Amendment, Sixth Amendment, and *Miranda* rights or, alternately, an evidentiary hearing to resolve that motion; and, (6) identification by the Government at least forty-five days prior to trial of all documentary and "similar-act" evidence it intends to introduce pursuant to Federal Rule of Evidence 404(b) and Federal Rule of Criminal Procedure 12(b)(4). For the following reasons, Defendant's motion is denied with the exception that the Court grants Defendant leave to renew his motion to suppress post-arrest statements.

**FACTUAL BACKGROUND**

**I.. The Complaint and The Investigation**

On September 15, 2005, the Government filed a Criminal Complaint charging Defendant with using a computer and the Internet to attempt to entice, induce, coerce, and persuade a minor to engage in sexual activity in violation of New York State law, a violation of 18 U.S.C. § 2422(b).[1] The Government had arrested Defendant the previous day.

At an earlier point in time, a Federal Bureau of Investigation ("FBI") Special Agent ("SA"), using an alias, posted an advertisement in the "erotic services" section of the Internet website "craigslist". Defendant responded to the advertisement (which offered in pertinent part the "freshest, youngest girls" "in all shapes, sizes and ages") asking whether the SA acting in his undercover capacity could obtain someone who looked like a ninth-grader for the Defendant. The Defendant engaged in e-mails with the SA and one telephone conversation and

---

[1] The Superseding Indictment filed on May 15, 2006 added the citation to the specific sections of the New York Penal Law alleged to have been violated by Defendant's solicitation of sex with a person who had not attained the age of 18 years.

agreed on or about July 7, 2005 to pay $200 for oral sex with a thirteen-year-old girl. Defendant did not show up at a prearranged meeting.

Later in the month of July, 2005, Defendant (inadvertently) engaged in instant messaging with the SA in an undercover capacity as a thirteen-year-old girl named "Julie." Defendant was arrested on September 14, 2005, while outside of an Undercover Address, which he believed to be the home of the SA in his undercover capacity as "Julie." At the time of his arrest, Defendant was sending e-mail messages to the SA (in his undercover capacity) requesting that "Julie" come downstairs as he was outside of her apartment.

Following his arrest, Defendant was advised orally of his *Miranda* rights and later executed a written waiver. The Government contends that Defendant stated that he was at the Undercover Address to meet someone whom he believed was a thirteen-year-old girl and that he had engaged in sexually explicit conversations with the girl for two months prior to his arrest on both the Internet and the telephone.

## II.     The Warrant Application

Following Defendant's arrest and the filing of the Criminal Complaint, FBI Special Agent Austin P. Berglas sought and received authorization on September 21, 2005 to execute a search warrant of the Defendant's e-mail account Ps41alum@aol.com. In support of the application for the search warrant, the SA submitted a sixteen-page affidavit, and a summary of the search procedure and files and accounts to be produced. The Agent attached the Criminal Complaint to the warrant application, which set forth portions of conversations between Defendant and the SA, in his undercover capacity as thirteen-year-old "Julie". These excerpts are of a sexually graphic nature in which Defendant offered to tutor "Julie" in "sex lessons" and told her that he wanted her to perform oral sex on him (Rudin Aff. Ex. C at Bates No. 00153).

The affidavit was "submitted for the limited purpose of establishing probable cause for [the] warrant" and did "not include every detail of every aspect of the investigation" (id. at Bates No. 00131). The affidavit provided an explicit and graphic accounting of the details of the investigation, including the various e-mail and telephonic communications the SA had with Defendant (id. at Bates No. 00137-41). In addition, the SA stated that, based on his experience and conversations with other law enforcement officials, he was familiar with "the practices and methods of persons committing offenses such as use of the internet to entice or persuade a minor to engage in sexual activity, and the means in which such persons communicate with each other by e-mail in the course of committing and seeking to conceal those offenses" (id. at Bates No. 00141-42); and that based on this experience and knowledge and on the facts learned over the course of the investigation, the SA believed there was probable cause to believe the premises contained evidence of the commission of violations of federal laws (id. at Bates No. 00142-43). The SA concluded that the specified items contained in the e-mail account (such as stored electronic mail, electronic mail addresses, transactional information, and subscriber information) "would constitute evidence of and the means of committing the criminal offenses referred to [in the affidavit], and would be instrumentalities in the violations recited herein" (id. at Bates No. 00143).

### III.    The Indictment and Superseding Indictment

On November 9, 2005, a grand jury returned an one-count indictment charging Defendant with the conduct set out in the Complaint in violation of 18 U.S.C. § 2422(b). He was arraigned on November 10, 2005. A Superseding Indictment was returned on May 15, 2006 and Defendant was arraigned on May 24, 2006.

## IV. Discovery

**Pre-Indictment Discovery.** The Government provided Defendant with a copy of: (1) reports memorializing Defendant's arrest and post-*Miranda* statement; (2) dated e-mails, dated audio tapes of two consensually monitored telephone calls, and other documents associated with the posting; and (3) dated audio tapes of two consensually monitored telephone calls and a CD Rom containing copies of dated e-mails and dated instant message conversations related to Defendant's contacts with "Julie". In response to a subsequent notification by defense counsel that he was unable to access certain data on the CD Rom, the Government provided hard copies of certain items on the CD Rom, which included dated e-mails between Defendant and "Julie."

**Post-Indictment Discovery.** The Government also provided additional discovery consisting of: (1) Defendant's criminal history print out (prior arrests); (2) a CD Rom containing a telephone call made by Defendant while incarcerated at MDC Brooklyn; (3) the AOL search warrant for Defendant's address (i.e., Ps41alum@aol.com), supporting affidavit, and CD Rom of certain materials provided by AOL in response to the search warrant; (4) a CD Rom of Defendant's e-mails from his former employer and an excerpt from the employee handbook together with Defendant's signature page; (5) records associated with Defendant's cellular telephone; and (6) a list of documents contained within Defendant's wallet at the time of his arrest. The Government notified Defendant that it had in its possession the computer used by Defendant at his former place of employment and the handheld Treo device provided to Defendant by his employer.

On November 21, 2005, the Government produced telephone records for Defendant's cellular telephone and certain credit card records and draft transcripts of the telephone calls. On December 5, 2005, the Governed produced three CD Roms containing the

"encase report" for the computer used by Defendant at his former employer. On December 16,

2005, the Government produced pedigree information provided by Defendant during his arrest

processing and the *Miranda* waiver Defendant executed following his arrest. On January 9,

2006, the Government produced certain bank records. The Government also produced another

CD Rom containing Defendant's e-mails from his former employer, Wenner Media.

**APPLICABLE LAW**

**I.      Facial Challenge on First Amendment Grounds**

Defendant asserts that 18 U.S.C. § 2422(b)[2] is unconstitutionally vague and

overbroad on its face and in violation of his First Amendment rights. The Second Circuit has not

had occasion to address a First Amendment (or any constitutional) challenge to this provision.

Other circuit courts – including the Third, Sixth, Ninth, Tenth, and Eleventh Circuits – however,

have considered the issue and have uniformly rejected First Amendment challenges to the

provision. See, e.g., United States v. Tykarsky, 446 F.3d 458, 472-73 (3d Cir. 2006) (holding that

§ 2422(b) does not violate the First Amendment); United States v. Thomas, 410 F.3d 1235,

1243-44 (10th Cir. 2005) (same); United States v. Meek, 366 F.3d 705, 722 (9th Cir. 2004)

(same); United States v. Panfil, 338 F.3d 1299, 1301 (11th Cir. 2003) (same); United v. Bailey,

228 F.3d 637, 639 (6th Cir. 2000), cert. denied, 532 U.S. 1009 (2001) (same).

Defendant urges the Court not to "follow the herd." We decline the invitation.

"[T]here is no otherwise legitimate speech jeopardized by § 2422 because the statute only

---

[2] 18 U.S.C. § 2422(b) states as follows:

> Whoever, using the mail or any facility or means of interstate or foreign
> commerce, or within the special maritime and territorial jurisdiction of the
> United States knowingly persuades, induces, entices, or coerces any individual
> who has not attained the age of 18 years, to engage in prostitution or any sexual
> activity for which any person can be charged with a criminal offense, or attempts
> to do so, shall be fined under this title and imprisoned not less than 5 years and
> not more than 30 years.

criminalizes conduct, i.e., the targeted inducement of minors for illegal sexual activity." U.S. v. Meek , 366 F.3d at 721. The Court observed that "speech is merely the vehicle through which a pedophile ensnares the victim." Id. (citation omitted). The court added:

> The potential for unconstitutional chilling of legitimate speech disappears because § 2422(b) requires the prosecution to prove that a defendant actually knows or believes that the specific target of the inducement is a minor. . . .
> Importantly, § 2422(b) only attaches culpability if the government can prove that one of the parties in the conversation intended to target a minor for criminal sexual activity. That is, in prosecuting an alleged violation of § 2422(b), the government must prove both knowledge or belief that the person induced is a minor, and that the inducement was for the purpose of engaging in sexual conduct that is, by its own definition, criminal. . . . [Defendant] overstates the potential for constitutional problems because the intent to engage in criminal sexual conduct – which does not enjoy First Amendment protection – is a crucial component of criminal liability.

Id. at 721-22. In other words, there is no "First Amendment right to attempt to persuade minors to engage in illegal sex acts." United States v. Bailey, 228 F.3d at 639. This Court adopts the Ninth Circuit's analysis and the holdings of every circuit court that has considered the issue and rejects Defendant's First Amendment challenge of § 2422(b).

## II.    Facial Challenge on Fifth Amendment Grounds

Defendant also contends that 18 U.S.C. § 2422(b) is facially invalid on a second ground: that the statute violates the Due Process Clause of the Fifth Amendment by being impermissibly vague and overbroad and by incorporating a "probable cause" standard. Neither argument has merit.

### A.    Vagueness Challenge

As noted previously, the Second Circuit has not had occasion to decide any constitutional challenge to § 2422(b), including a challenge on Fifth Amendment grounds. The

Ninth and Tenth Circuits, however, have considered such a challenge and rejected it. See, e.g., United States v. Dhingra, 371 F.3d 557, 561 (9th Cir. 2004) (rejecting Fifth Amendment vagueness challenge); United States v. Vancleaf, No. 97 Cr. 4209, 1999 U.S. App. LEXIS 14674, at **11-12 (10th Cir. June 28, 1999) (unpublished decision) (same).

Defendant argues that the statute is unconstitutionally vague and overbroad principally for failing to define "sexual activity".

> A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement.

Hill v. Colorado, 530 U.S. 703, 732 (2000) (citing Chicago v. Morales, 527 U.S. 41, 56-57 (1999)).

"[T]he first concern is ameliorated by the fact that [§ 2422(b)] contains a scienter requirement." Id. The provision applies only to individuals who "knowingly persuade[], induce[], entice[], or coerce[]" minors to engage in criminal sexual activity. 18 U.S.C. § 2422(b). The language of § 2422(b) is simple and straightforward. You do not need to be a lawyer to understand what the federal offense is; that is, knowingly persuading, inducing, enticing, or coercing any minor to engage in sexual activity for which any person can be charged with a criminal offense. See United States v. Handakas, 286 F.3d 92, 104-07 (2d Cir.), cert. denied, 537 U.S. 894 (2002).

Defendant suggests that the term "sexual activity" is vague. "[I]t is clear what the ordinance as a whole prohibits." Hill v. Colorado, 530 U.S. at 733 (citation and internal quotation marks omitted). The Court adopts the reasoning of the Eleventh Circuit and holds that the undefined term "sexual activity" does not render § 2422(b) unconstitutional and void for

vagueness. Panfil, 338 F.3d at 1301 (finding that the clause "sexual activity for which any person can be charged with a criminal offense" has "plain and ordinary meaning[]").

"The second vagueness inquiry (and the more important of the two) is whether the statutory language [is] of such a standardless sweep [that it] allows policemen, prosecutors, and juries to pursue their personal predilections." United States v. Handakas, 286 F.3d at 107 (citations and internal quotation marks omitted). Judge Stein of this District recently held that "the standard governing an attempt to commit this crime is straightforward" and rejected a similar Fifth Amendment vagueness challenge to § 2422(b). United States v. Gagliardi, No. 05 Cr. 1265, 2006 U.S. Dist. LEXIS 34123, at **9-10 (S.D.N.Y. May 26, 2006). Noting that several circuits have explicitly considered and rejected the contention that § 2422(b) is unconstitutionally vague, id. at **11-12 (citing cases), Judge Stein observed "the clarity of the statute and the near unanimity as to the scope of its application." Id. at *12. This Court thus concludes that § 2422(b) provides adequate guidance to law enforcement authorities and, as noted above, concurs with other courts that the provision is not void for vagueness in contravention of the Fifth Amendment.[3]

**B.      "Probable Cause" Standard – Challenge**

Next, Defendant argues that § 2422(b) is facially unconstitutional and in violation of the Due Process Clause of the Fifth Amendment because it imports a "probable cause" standard in contravention of In re Winship. 397 U.S. 358, 365 (1970). Defendant focuses on the clause: ". . . can be charged with a criminal offense." But this argument is based on ignoring the

---

[3] Defendant offers up a multitude of hypotheticals demonstrating § 2422(b)'s alleged unconstitutional vagueness. "[S]peculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications." Hill v. Colorado, 530 U.S. at 733 (citation and internal quotation marks omitted).

language of the immediately previous phrase: "any sexual activity . . . ."  When the two phrases are read together (sexual activity for which any person can be charged with a criminal offense), there is no "probable cause" problem.[4]

The Second Circuit rejected a similar argument in United States v. Coonan, 938 F.2d 1553 (1991), cert. denied, 503 U.S. 941 (1992).  There, the court considered the "chargeable under State law" language contained in the definition of racketeering activity under the RICO statute.  The statute provided that racketeering activity means "any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, or dealing in narcotic or other dangerous drugs, which is chargeable under State law and punishable by imprisonment for more than one year." Id. at 1564 (citing 18 U.S.C. § 1961(1)(A) as it then existed) (emphasis added).[5] The court, in the context of a different inquiry, noted that the RICO "statute is meant to define, in a more generic sense, the wrongful conduct that constitutes the predicates for a federal racketeering charge." Coonan, 938 F.2d at 1564 (citation omitted).  At the time, the Second Circuit made no mention of any constitutional infirmity with the statutory phrase in question – i.e., "chargeable under State law".

Properly read, § 2422 requires that if committed, the sexual activity must be a crime under state law.  Other courts have come to the same, common sense conclusion, "[L]iability under § 2422(b) is . . . contingent on criminal sexual activity as defined by another statute." United States v. Meeks, 366 F.3d at 711 n.5; see also United States v. Vancleaf, 1999 U.S. App. LEXIS 14674, at **9-10 (finding that the trial court properly instructed the jury that

---

[4]  As noted previously, the purpose of the statute is to keep any sexual activity criminalized by State law out of interstate commerce.  There is nothing vague about that goal or the language that Congress chose to achieve its goal.

[5]  At the time the Second Circuit decided the Coonan decision, the statute's text was slightly different than currently phrased but not in a way that alters this Court's analysis.

the prosecution had to prove "illegal sexual acts").  The element "to engage in . . . any sexual activity for which any person can be charged with a criminal offense" requires the Government to prove that, had the sexual activity between Defendant and a thirteen-year-old girl occurred, Defendant would have violated a New York State criminal law.  That is precisely what the Superseding Indictment alleges.  There is no basis for Defendant's argument.

## III.    As Applied Constitutional Challenge for Vagueness and Overbreadth

Contrary to Defendant's position, "vagueness challenges that do not involve the First Amendment must be examined in light of the specific facts of the case at hand on not with regard to the statute's facial validity." United States v. Nadi, 996 F.2d 548, 550 (2d Cir.), cert. denied, 510 U.S. 933 (1993) (citation omitted).  The Second Circuit has held that, in such circumstances:

> [a statute] is assessed for vagueness only . . . in light of the specific facts of the case at hand and not with regard to the statute's facial validity.  One whose conduct is clearly proscribed by the statute cannot successfully challenge it for vagueness.

United States v. Venturella, 391 F.3d 120, 134 (2d Cir. 2004) (citations and internal quotation marks omitted).

Among other allegations, the Criminal Complaint charges Defendant (1) with communicating with a FBI Secret Agent in an undercover capacity of an adult intermediary to arrange a meeting at which time he would pay $200 for oral sex with a thirteen-year-old girl;[6] and (2) with communicating with a FBI Secret Agent in an undercover capacity of a thirteen-year-old girl in which Defendant engaged in sexually explicit conversations, including offering to tutor the

---

[6]   The Defendant did not appear at this prearranged meeting.

girl in "sex lessons" and describing various sexual acts in which he suggested the two could engage.

The sexual acts (which the Government charges Defendant engaged in and attempted to engage in with an individual whom he believed to be thirteen-years old) are prohibited by New York State Penal Law. See, e.g., N.Y. Penal Law §§ 130.20(1) (engaging in sexual intercourse with another person without her consent), 130.20(2) (engaging in oral sexual contact with another person without that person's consent), 130.30(1) (defining rape in the second degree as being eighteen years old or more and engaging in sexual intercourse with another person less than fifteen years old), 130.60(2) (defining sexual abuse in the second degree as subjecting another person to sexual contact when that person is less than fourteen years old). Given the allegations, § 2422(b) gives a person of ordinary intelligence reasonable opportunity to know that the charged conduct constitutes "knowingly [attempting to] persuade[], induce[], [and] entice[] . . . [a minor] to engage in . . . sexual activity" deemed criminal in the State of New York and therefore prohibited by federal law. See United States v. Venturella, 391 F.2d at 134.  The Court concludes that, as applied, § 2422(b) is constitutional and does not violate Defendant's constitutional rights.

Accordingly, Defendant's motion to dismiss the indictment on the ground of its alleged facial and as-applied unconstitutionality is denied.

## IV.    Sufficiency of the Indictment

Defendant moves to dismiss the indictment because it fails to allege an underlying State offense and a substantial step toward completion of the crime, which Defendant asserts are both essential elements of the attempted federal offense (Def.'s Br. at 26).  As Defendant

conceded at argument, however, the one-count Superseding Indictment, returned on May 15, 2006, cures whatever deficiency might have existed in this case.

Federal Rule of Criminal Procedure 7 states that "[t]he indictment . . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

The Second Circuit has elaborated on the requirements of indictments as follows:

> We have often stated that an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime. . . . . . . . [P]recision and proper notice to the defendant cannot be sacrificed for the sake of brevity, but we have noted that common sense must control, and that an indictment must be read to include facts which are necessarily implied by the specific allegations made. When an indictment delineates the elements of a charged offense, however concisely, the underlying concerns of proper pleading – notice of the charge to be met and protected against double jeopardy – may be further promoted by a bill of particulars or pretrial discovery.

United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir.), cert. denied, 504 U.S. 926 (1992) (citations and internal quotation marks omitted).

Here, the Superseding Indictment closely tracks the language of § 2422(b) and sets out each of the key elements in the statute. The indictment need not set out the facts that constitute the "substantial step" in charging a defendant with an attempt of a federal offense. See, e.g., United States v. Bolden, No. 95-400062, 1995 WL 783638, at *2 (D. Kan. Dec. 5, 1995); United States v. Toma, No. 94 Cr. 333, 1995 WL 65031, at *1 (N.D. Ill. 1995).

The Superseding Indictment is sufficient as a matter of law and Defendant's motion on this ground is denied.

## V.    A Bill of Particulars

Defendant requests that the Government be required to provide a bill of particulars.  Defendant argues that he is entitled to know the "sexual activity" for which he is charged, the specific crimes under which he could be charged, whether the grand jury was properly instructed, and the "substantial step" that he took towards the commission of a crime (Def.'s Br. at 31-33).

### A.    Applicable Law

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars."  "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused[;] [m]oreover, a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." United States v. Chen, 378 F.3d 151, 163 (2d Cir.), cert. denied, 543 U.S. 994 (2004) (citations and quotation marks omitted).  "While the decision whether to grant a bill of particulars rests within the sound discretion of the trial court, one of the purposes of such a bill is to enable the defendant to plead double jeopardy if he should be prosecuted later for same offense." United States v. Macchia, 35 F.3d 662, 671 n.1 (2d Cir. 1994) (citations and internal quotation marks omitted).

So long as the Defendant is "adequately informed of the charges against him," and will not be "unfairly surprised at trial as a consequence of the denial of a bill of particulars," there is no abuse of discretion. United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991), cert. denied, 502 U.S. 1037 (1992) (citation omitted).

### B.    Application

On November 14, 2005, Defendant sought the following particulars:  (1) the identity of the minor or minors Defendant persuaded to engage in sexual activity; (2) the identity of the minor or minors Defendant attempted to persuade to engage in sexual activity; (3) specification of the sexual activity, which the grand jury found the Defendant attempted to persuade a minor to engage in; (4) specification of the New York State law violations alleged in the indictment; and (5) disclosure of whether the grand jury was specifically instructed that it had to find such violations of law and, if so, by what standard of proof (Rudin Aff. Ex. B).

### 1.    Items (1), (2), (3) – **Identity of Minors and Sexual Activity**

These requests are denied.  The Government has provided documentary discovery to Defendant and will give adequate notice of the documents it intends to use at trial.  This is more than sufficient to permit Defendant to prepare for trial.  Granting further relief would be unduly limiting to the Government. See, e.g., United States v. Kufrovich, 997 F. Supp. 246, 258 (D. Conn. 1997) (denying request that Government provide defendant "information on the exact nature of the sexual act referred to in the . . . indictment").[7]

### 2.    Item (4) – **New York State Law Violations Alleged**

This request is denied as moot; the Superseding Indictment specifies the New York State criminal provisions the Government alleges would have been violated had Defendant engaged in the sexual activity.

---

[7]   The Court notes that the Government is ordered to produce to Defendant its documentary and "similar-act" evidence three weeks in advance of trial, which eliminates entirely Defendant's need for this part of the requested bill of particulars. See infra Pt. VIII.

### 3. Item (5) – Grand Jury Instructions

This request is denied. Proceedings before a grand jury are subject to a general rule of secrecy, Fed. R. Crim. P. 6(e)(2), because secrecy best assures the grand jury's proper functioning. Douglas Oil Co. v. Petrol Stops N.W., 441 U.S. 211, 218 (1979) (citation omitted). Moreover, under federal law, a prosecutor is not required to instruct the grand jury on the law. United States v. Lopez-Lopez, 282 F.3d 1, 8-9 (1st Cir.), cert. denied, 536 U.S. 949 (2002). As the First Circuit has explained,

> Neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act. Courts . . . generally have found that the prosecutor satisfactorily explains the offense to be charged by simply reading the statute to the grand jury. The prosecutor is under no obligation to give the grand jury legal instructions.

Id. at 9 (citations and quotation marks omitted). Defendant's arguments here are insufficient to overcome the presumption in favor of the secrecy of grand jury proceedings.

## VI. Sufficiency of the Warrant

Defendant moves to suppress all evidence obtained as a result of the execution of the Government's search warrant on AOL for all of his e-mail communications for lack of probable cause and for being overbroad. The search warrant sought, among other evidence, "[a]ll stored electronic mail and other stored content information presently contained in, or on behalf of, the following electronic mail addresses and/or individual accounts: Ps41alum@aol.com" (Rubin Aff. Ex. D (Attachment A of the Search Warrant)). The Government opposes this motion and contends that the AOL search warrant was supported by probable cause and was not overbroad.

The Fourth Amendment requires only that the magistrate's probable cause determination have a "substantial basis for . . . [concluding] that a search would uncover evidence of wrongdoing . . . ." Illinois v. Gates, 462 U.S. 213, 236 (1983) (citations and internal quotation marks omitted). Here, the search warrant was supported by probable cause to believe that Defendant used his AOL account as one of the means by which he was violating § 2422(b). The search warrant detailed that: Defendant engaged in instant message conversations and sent e-mail messages and that in both the instant message conversations and e-mail messages Defendant made sexually explicit comments and suggestions to a person whom he believed to be a thirteen-year-old girl. Most notably, the search warrant summarized the sexually explicit exchanges between Defendant and the SA in his undercover capacity as "Julie" – including that Defendant told "Julie" that he wanted to tutor her in "sex lessons" and that he wanted her to perform oral sex on him. The Criminal Complaint was annexed to the affidavit. Thus, the Government established probable cause that the AOL account was used for criminal activity, which warranted a search of that account.

Defendant suggests that the search warrant was overbroad and should have been particularized. Even if there may be unanswered questions as to the "applicability of the Fourth Amendment's particularity requirement with respect to searches of computer data," Hensel v. Lussier, No. 99 Civ. 6146, 2000 U.S. App. LEXIS 900, at *2 (2d Cir. Jan. 24, 2000), given the circumstances in this case, there was clearly probable cause to search the AOL e-mail account and the warrant was not overbroad. See United States v. Martin, 426 F.3d 68, 75-76 (2d Cir. 2005), cert. denied, 2006 U.S. LEXIS 4535 (2006) (warrant for entering entire home to search for child pornography, based on fact that person had visited or subscribed to web site, which supported inference that material was downloaded and possessed at home); see also United

States v. Irving, No. 04 Cr. 0971, 2006 U.S. App. LEXIS 16077, at **36-39 (2d Cir. June 23, 2006) (upholding a search warrant of defendant's home that led to seizure of defendant's home computer). Further, even if the warrant was overbroad, the search would fall within the good-faith exception to the exclusionary rule under United States v. Leon. 468 U.S. 897, 922-24 (1984). As the Second Circuit has noted, "in a doubtful case, [courts] accord preference to the warrant." United States v. Irving, 432 F.3d 401, 416 (2d Cir. 2005) (involving prosecution of alleged pedophile) (citation omitted).

Defendant's motion to suppress the evidence obtained from his AOL account must be denied.

## VII. Suppression of Post-Arrest Statements

Defendant moves to suppress post-arrest statements, which Defendant claims were obtained in violation of his Fifth and Sixth Amendment and *Miranda* rights. Alternately, Defendant requests an evidentiary hearing to resolve the motion. The Government opposes both and argues that Defendant's motion should be denied and that an evidentiary hearing is not warranted.

With regard to Defendant's statements made immediately after the arrest, Defendant contends that he did not make a valid waiver of his rights and, even if Miranda was complied with, Defendant maintains his statements were coerced and involuntarily made.

Defendant concedes that at the time of arrest, he was read his Miranda rights, but claims there was a "frightening whirl of activity" (Rubin Aff. Ex. A ¶ 3). As soon as the warning was given, the FBI "agents immediately began aggressively and rapidly questioning [Defendant], and [Defendant recalled] feeling compelled to answer" (id.). He has no recollection of waiving

his rights (id.).  After signing a written <u>Miranda</u> warning, however, Defendant asserts he regained his composure and asked for an attorney (id. ¶ 4).

The Second Circuit has held that evidentiary hearings should be conducted where "specific factual dispute[s]" exist – <u>i.e.</u>, the claim has to be "sufficiently factual and specific to require an evidentiary hearing." <u>United States v. Mathurin</u>, 148 F.3d 68, 69, 70 (2d Cir. 1998). But not every factual dispute merits a hearing.

> There are of course other grounds for suppression that depend not on the occurrence of discrete observable acts but on the characterization of a set of circumstances, such as . . . the voluntariness of a statement, as to which a conclusory statement is not sufficient to require a hearing.  A bald assertion that a statement was involuntary, for example, could be based on any of a number of factual premises such as coercion, lack of Miranda warnings, or lack of competence.  Without specification of the factual basis for such a characterization, the district court is not required to have a hearing.

<u>Id.</u> at 69.

Here, the Government contends that Defendant's post-arrest statements were not coerced.   As to Defendant's contention that he did not orally waive his *Miranda* rights following the agents' oral warnings, the Government urges that an express waiver is not a prerequisite for establishing waiver. <u>See</u> <u>North Carolina v. Butler</u>, 441 U.S. 369, 373 (1979) ("the [<u>Miranda</u>] Court did not hold that . . . an express statement is indispensable to a finding of waiver").  The affidavit in support of the motion does not specify which of the statements to be suppressed were made before oral warnings, after oral warnings, and after written warnings.  Further, the affidavit does not specify how long the questioning occurred before oral warnings or after oral warnings; it has insufficient details.  In short, the affidavit falls short of mandating a hearing.  Out of an

excess of caution, however, the Court grants leave to renew this motion with the submission of a more particularized affidavit.

**VIII.    Pretrial Identification of Government's Documentary and "Similar-Act" Evidence**

Defendant seeks advance disclosure of any evidence the Government intends to proffer as well as trial exhibits, pursuant to Federal Rule of Evidence 404(b), so that Defendant may prepare an in limine motion (Def.'s Br. at 44). He asserts that there are "thousands of e-mails and computer files seized or obtained by the government that bear no apparent relationship to the defendant's communications with the undercover agent" (id. at 45). There are 423 AOL e-mails (id.).

The Government has produced documentary evidence in its possession to Defendant in full compliance with Federal Rule of Criminal Procedure 16(a)(1)(E). If there is difficulty with Defendant's review of the computer files which the Government has produced, the Government is to cooperate so that Defendant has meaningful access. Additionally, Defendant seeks advanced notice of the Rule 404(b) evidence that the Government intends to use at trial.

Given the voluminous computer files that have been obtained, the Government should identify and mark its trial exhibits three weeks in advance of trial. This will provide Defendant the necessary time he requires for preparation for trial. In addition, the Government will identify any evidence that it intends to offer pursuant to Federal Rule of Evidence 404(b) no later than three weeks prior to trial. See United States v. Bortnovsky, 820 F.2d 572, 574-75 (2d Cir. 1987) (finding, in part, that defense could not prepare adequately for trial where Government produced over 4,000 documents but refused to identify the three documents on which it ultimately relied for its case-in-chief).

## CONCLUSION

For the reasons stated above, the omnibus motion of Defendant is denied in its entirety, with the exception that the Court grants leave for Defendant to renew his motion to suppress post-arrest statements with the submission of an appropriate affidavit. The Clerk of the Court is directed to close this motion.

Dated: New York, New York
July 17, 2006

SO ORDERED

PAUL A. CROTTY
United States District Judge