

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
            :
UNITED STATES OF AMERICA,
            :    05 Cr. 1182 (PAC)
   - against -             <u>OPINION & ORDER</u>
            :
TIMOTHY MCDARRAH a/k/a
Ps41alum@aol.com,             :

       Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

On January 25, 2007, at the request of the Department of Probation, the Court ordered a psychological evaluation of Defendant Timothy McDarrah pursuant to 18 U.S.C § 3552(c) to aid in the preparation of the Department's pre-sentencing report. The Court believed this evaluation would assist its required examination of the factors set forth in 18 U.S.C. 3553(a), and would generally be useful in determining a proper disposition. Moreover, the Court had gained the impression from Defendant's representations in respect to his application for release prior to sentencing that Defendant himself intended to rely, at least in part, on a psychological evaluation.

Defendant objects to the Court's order, arguing that the ordered evaluation is inappropriate on a variety of grounds. Given the psychological questions raised by the Defendant himself, an independent evaluation is amply justified under § 3552(c). In addition, the Court will reserve judgment on the reliability of the Probation Department's methodology until it is actually in possession of a pre-sentencing report. The Court recognizes that Defendant is entitled under the Fifth and Sixth Amendments to the

presence and assistance of counsel at the evaluation, to refuse to answer particular questions, indeed to decline to participate in the evaluation at all. In exercising his rights as he alone chooses, the Defendant must recognize that the weight accorded to any psychological evaluation produced by the Defendant will necessarily be determined in part by the existence of an independent evaluation with which to compare it. If no psychological evaluation is to be performed, there would be no need for a delay in sentencing associated with such evaluation. Defendant may select whichever approach most advances his interests.

Defendant's request that the Court rescind its order of January 25, 2007 is DENIED. Nevertheless, in the full exercise of his rights, Defendant may participate, participate on a limited basis, or decline participation in the evaluation as he chooses.

Dated: New York, New York
February 7, 2007

SO ORDERED

PAUL A. CROTTY
United States District Judge